UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERLINDO RODRIGUEZ, JR.,<br><br>    Plaintiff,<br><br>v.<br><br>L. RAYNA, *et al.*,<br><br>    Defendants. | Case No. 1:19-cv-01788-BAK (HBK) (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON PLAINTIFF'S NONEXHAUSTION OF ADMINISTRATIVE REMEDIES<br><br>(Doc. No. 31)<br><br>**FOURTEEN (14) DAY DEADLINE**<br><br>Clerk of Court to Assign a District Judge. |

Plaintiff Erlindo Rodriguez, Jr., a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights action under 42 U.S.C. § 1983. (Doc. No. 1). This action proceeds on Plaintiff's First Amended Complaint alleging violations of the Eight Amendment's prohibition against cruel and unusual punishment in relation to a prisoner's conditions of confinement. (Doc. No. 11).

On June 3, 2021, Defendants filed a motion for partial summary judgment based on a failure to exhaust administrative remedies, with a statement of undisputed facts and exhibits in support of the motion. (Doc. Nos. 31–33). Plaintiff filed a response in opposition, to which Defendant filed reply. (Doc. Nos. 37, 38). For the reasons set forth below, the undersigned

recommends Defendants' motion be granted and judgment be entered in favor of Defendants Urbano and Podsakoff, and partial judgment be entered in favor of Defendant Rayna concerning Plaintiff's claim related to deprivation of food on December 14, 2018.

### I.  FACTS

**A.  Allegations in First Amended Complaint**

Plaintiff is currently housed at Kern Valley State Prison.  The events giving rise to the FAC occurred when Plaintiff was incarcerated at California State Prison, Corcoran.  Defendants Rayna, Carranza, Podsakoff, and Urbano are correctional officers at California State Prison, Corcoran.

On November 8, 2018, Plaintiff was moved to administrative segregation.  On November 30, 2018, around dinnertime, Plaintiff offended Defendant Rayna by sliding his plate through the bottom of his cell door after he finished eating.  Defendant Rayna swore that he would not feed Plaintiff.

Plaintiff claims on the following dates he was denied food by the named defendants:

1. December 3, 2018, by Defendants Rayna and Carraza;
2. December 4, 2018, by Defendant Rayna;
3. December 13, 2018, by Defendants Urbano and Podsakoff; and
4. December 14, 2018, by Defendant Rayna and Podsakoff.

(Doc. No. 11).

Plaintiff alleges Defendants refused to feed him, refused to accept responsibility, and failed to follow proper procedures, thereby causing Plaintiff to fall ill.  Because of this treatment, Plaintiff felt "homicidal" and on the "verge of violence."  (*Id.*).  Plaintiff received a rule violation report for "behavior that could lead to violence."  (*Id.*).  Plaintiff avers he suffered injury to his "personal dignity, . . . physical discomfort, and emotional trauma, resulting [in] nervousness, grief, anxiety, worry, mortification, and [weakened] condition."  (*Id.*).  Plaintiff asserts that Defendants acted oppressively and maliciously and subjected Plaintiff to cruel and unusual punishment.

///

**B. Undisputed Facts Concerning Exhaustion**

Plaintiff filed his initial complaint on May 14, 2020.  (*See* Doc. No. 1).  After screening and with leave of court, Plaintiff filed his operative First Amended Complaint.  (Doc. No. 11, FAC).   Upon screening, the Court found the FAC stated cognizable claims of inadequate conditions of confinement in violation of the Eighth Amendment related to the deprivation of food.  (Doc. No. 12).

The record establishes Plaintiff filed an inmate appeal, Log No. COR-18-06932, on December 6, 2018.  (Doc. No. 32-2 at 4–6).  Appeal 18-06932 complained that Defendants Rayna and Carranza refused to give Plaintiff his dinner on December 3, 2018, and Defendant Rayna refused to give Plaintiff his dinner on December 4, 2018.  (*Id.*).  Plaintiff requested to be fed at every meal.  (*Id.*).  The appeal was bypassed at the first level of review, and it was accepted and granted in part at the second level to the extent that an inquiry was completed.  (*Id.* at 2, 5).  Plaintiff appealed to the third level of review, which was denied in a decision dated April 29, 2019.  (*Id*. at 2–3).  The appeals examiner concurred with the second-level determination and concluded that no relief was warranted.  (*Id.* at 2).  This decision exhausted the administrative remedies available to Plaintiff through the California Department of Corrections and Rehabilitation ("CDCR") appeals process.  (*Id.* at 3).  The 18-06932 appeal filed on December 6, 2018, due to its date, did not include any factual allegations concerning the December 13 and 14, 2018 incidents.

Plaintiff submitted appeal Log No. COR-19-00042 on December 24, 2018, and requested it be added to appeal 18-06932 "due to [it] being the same matter."  (Doc. No. 32-3 at 3–4).  In appeal 19-00042, Plaintiff complained that on December 13, 2018, Defendants Urbano and Podsakoff passed him by without feeding him dinner.  Plaintiff also complained that Defendants Rayna and Podsakoff refused to feed him on December 14, 2018.  (*Id.* at 5).  Plaintiff indicated he was "supper starving," which caused him to feel homicidal toward the correctional officers.  (*Id.*).

Appeal 19-00042 was screened at the first level and was "cancelled" on January 3, 2019, because "[t]he appeal duplicates a previous appeal upon which a decision has been rendered or is

3

pending." (*Id.* at 9, citing Cal. Code Reg., Title 15 § (CCR) 3084.6(c)(2)). In response, Plaintiff asked for clarification if he could add his claim concerning December 13 and 14, 2018 to his earlier appeal because his first 602 was "the reason for [his second] 602. On this 602, W. Urbano, Podsakoff and also L. Rayna [sic] are involve[d] and a witness." (*Id.*).

On January 23, 2019, the appeals office returned the documents related to appeal 19-00042 to Plaintiff and stated:

> You were advised this appeal was cancelled as it duplicates a previously filed appeal. You state you [wish] to add to the previous appeal; if you wish to add to the prior appeal you must do so during the interview process. You cannot continue to resubmit previously canceled appeals as this is considered abuse of the appeals process . . . .

(Doc. No. 32-3 at 7.) The form itself further informs:

> Pursuant to CCR 3084.6(e), once an appeal has been cancelled, that appeal may not be resubmitted. **However, a separate appeal can be filed on the cancellation decision**. The original appeal may only be resubmitted if the appeal on the cancellation is granted.

(*Id.*) (emphasis added). In response, Plaintiff stated: "Today 1-31-2019 . . . I spoke to J. Cerda ASU Sergeant[.] He told me to re-submit everything together to the second level, next level third." (*Id.*).

Despite the written instructions from CDCR, Plaintiff did not file a separate appeal on the cancellation and exhaust the appeal to the third level.

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of proving the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The moving party may accomplish this by presenting evidence that negates an essential element of the non-moving party's case. *Id.* Alternatively, the movant can demonstrate that the non-moving party cannot produce evidence to support an essential element of his claim that must be proven at trial. *Id.*; Fed. R. Civ. P. 56(c)(1)(B). "[A] complete failure of proof concerning an essential element of

the non-moving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23.

If the moving party meets this initial showing, the burden shifts to the non-moving party to establish "specific facts showing a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The non-moving party cannot simply rely on the pleadings and conclusory allegations in an affidavit. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990); *see also Celotex*, 477 U.S. at 324. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). However, when deciding a motion for summary judgment, the court must view any inferences drawn from the underlying facts in a light most favorable to the non-moving party. *Id.*

The Ninth Circuit has "held consistently that courts should construe liberally motion papers and pleadings filed by *pro se* inmates and should avoid applying summary judgment rules strictly." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018) (quoting *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010)). While prisoners are relieved from strict compliance, they still must "identify or submit some competent evidence" to support their claims. *Soto*, 882 F.3d at 872. Plaintiff's verified complaint may serve as an affidavit in opposition to summary judgment if based on personal knowledge and specific facts admissible in evidence. *Lopez v. Smith*, 203 F.3d 1122, 1132 n.14 (9th Cir. 2000) (en banc).

The undersigned has carefully reviewed and considered all arguments, points and authorities, declarations, exhibits, statements of undisputed facts and responses thereto, if any, objections, and other papers filed by the parties. The omission to an argument, document, paper, or objection is not to be construed that the undersigned did not consider the argument, document, paper, or objection. Instead, the undersigned thoroughly reviewed and considered the evidence it deemed admissible, material, and appropriate for purposes of issuing this Findings and Recommendations on Defendants' motion for summary judgment.

**B. Exhaustion of Administrative Remedies**

The Prison Litigation Reform Act ("PLRA") provides that "[n]o action shall be brought

with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).  Exhaustion of administrative remedies is mandatory, and "unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).  "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system . . . , but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.*  The exhaustion requirement allows prison officials to have an opportunity to resolve disputes before the filing of a court action against them.  *Jones*, 549 U.S. at 204.  The exhaustion requirement applies to all inmate suits relating to prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the relief sought by the prisoner or offered by the administrative process.  *Booth v. Churner*, 532 U.S. 731, 741 (2001).  "[A]ll inmates must now exhaust all available remedies: 'Exhaustion is no longer left to the discretion of the district court.'" *Fordley v. Lizarraga*, 18 F.4th 344, 367 (9th Cir. 2021) (quoting *Woodford v. Ngo*, 548 U.S. 81, 85 (2006)).

The PLRA requires "proper exhaustion," which means that "the prisoner must complete the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court."  *Woodford*, 548 U.S. at 88, 93.  The rules that must be followed, in other words, "are defined not by the PLRA, but by the prison grievance process itself."  *Jones*, 549 U.S. at 218.

The amount of detail in an administrative grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures.  *Id.* at 218; *Ngo*, 548 U.S. at 90.  California prisoners are required to lodge their administrative complaint on a CDCR 602 form for non-health care matters or a CDCR 602-HC form for a health care matter.  The level of specificity required in the appeal is described by regulation:

> The inmate or parolee **shall list all staff member(s) involved and shall describe their involvement in the issue.** To assist in the identification of staff members, the inmate or parolee shall include the staff member's last name, first initial, title or position, if known, and the dates of the staff member's involvement in the issue under appeal. If the inmate or parolee does not have the requested identifying

> information about the staff member(s), he or she shall provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question. . . . **The inmate or parolee shall state all facts known and available to him/her regarding the issue being appealed at the time of submitting the Inmate/Parolee Appeal form**, and if needed, the Inmate/Parolee Appeal Form Attachment.

Cal. Code Regs. tit. 15, § 3084.2(a)(3),(4) (emphasis added); *see also Sapp*, 623 F.3d at 824 ("To provide adequate notice, the prisoner need only provide the level of detail required by the prison's regulations").

The failure to exhaust administrative remedies is an affirmative defense that the defendant must plead and prove. *Id.* at 204, 216. The defendant bears the burden of producing evidence that proves a failure to exhaust; summary judgment is appropriate only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows the plaintiff failed to exhaust. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014). On a motion for summary judgment, the defendant bears the initial burden of proving (1) the existence of an available administrative remedy, and (2) the plaintiff failed to exhaust that remedy. *Id.* at 1172. If the defendant makes this showing, the burden shifts to the prisoner to present evidence showing "that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* (citation omitted). A prisoner may not file a complaint raising non-exhausted claims. *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

The ultimate burden of proof, however, remains with the defendant. *Albino*, 747 F.3d at 1172. "If a motion for summary judgment is denied, disputed factual questions relevant to exhaustion should be decided by the judge." *Id.* at 1170. If the court finds that remedies were not available, the prisoner exhausted available remedies, or the failure to exhaust available remedies should be excused, the case proceeds to the merits. *Id.* at 1131.

### III. DISCUSSION

Although not required, Plaintiff affirmatively alleged in his FAC that he exhausted his administrative remedies: "bypass at the first level, granted in part at the second level." (Doc. No. 11). Defendants filed this instant motion for partial summary judgment, arguing that Plaintiff

failed to exhaust available administrative remedies on his claims related to the incidents that occurred on December 13 and 14, 2018. (Doc. No. 31). Defendants Podsakoff and Urbano seeks judgment in the case and Defendant Rayna seeks judgment on the December 14 claim. (*Id.*).

Plaintiff does not dispute Defendants have met their initial burden to show that an available administrative remedy exists. CDCR has an administrative grievance system for prisoners to appeal a policy, decision, action, condition, or omission by the department or staff having an adverse effect on prisoner health, safety, or welfare. Cal. Code Regs. tit. 15, 3084.1(a) (2018).[1] Compliance with 42 U.S.C. § 1997e(a) requires California state prisoners to utilize CDCR's grievance process to exhaust their claims prior to filing a lawsuit in court. *See Sapp v. Kimbrell*, 623 F.3d 813, 818 (9th Cir. 2010); *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (holding that exhaustion is a precondition to suit). At times relevant to Plaintiff's complaint, administrative appeals were subject to three levels of review before the remedy was deemed exhausted. Cal. Code Regs. tit. 15, § 3084.1(b) (2018); *see also Sapp*, 623 F.3d at 818.[2]

Next, Defendant must show that Plaintiff failed to exhaust the administrative remedies. The unrefuted evidence demonstrates that appeal 19-00042 was "cancelled" at the first level of review, and Plaintiff did not appeal the cancellation through the second or third levels of review. Defendants have shown that Plaintiff failed to comply with CDCR's administrative process fully and properly. Therefore, Plaintiff's claims against Defendants Urbano and Podsakoff for refusing to feed Plaintiff on December 13, 2018, and against Defendants Rayna and Podsakoff for refusing to feed Plaintiff on December 14, 2018, were not exhausted.

Upon this showing, the burden now shifts to Plaintiff to present evidence that CDCR's existing and generally available administrative remedies were effectively unavailable to him by

---

[1] Effective June 1, 2020, the new rules are set out in Cal. Code Regs. tit. 15, §§ 3480–3486. For purposes of these Findings and Recommendations, all citations refer to the version of the regulations effective at times relevant to Plaintiff's claims.

[2] Effective September 1, 2017, the CDCR adopted a two-level review procedure for healthcare grievances. *See id.* §§ 3084.1(a), 3999.225–.237. A health care grievance would undergo an institutional level of review and an appeal to a headquarters level of review that exhausts the appeal. *Id.*

the details of his particular case. *See Albino*, 747 F.3d at 1172.  Plaintiff's response in opposition to Defendants' motion states in its entirety:

> I did not properly exhaust all administrative remedies; due to 1-13-2019 I spoke to J. Cerda A.S.U. Sergeant.  He told me to submit everything together to the next level.  I believed my administrative remedy decision exhausts available was complete.

(Doc. No. 37).  Plaintiff's response does not comply with Local Rule 260, which requires Plaintiff to reproduce the itemized facts in Defendants' statement of undisputed facts and admit or deny them.  L.R. 260(b).  Therefore, Defendants' version of facts is undisputed.

More significantly, Plaintiff's response suggests Sergeant Cerda's comments led him to believe he exhausted his administrative remedies.  When viewed in a light viewed most favorable to Plaintiff, his understanding that "submit[ting] everything together to the next level," as allegedly advised by Sergeant Cerda, was not reasonable and does not establish that remedies were effectively unavailable to him.  Notwithstanding Cerda's comment, the written decisions clearly instructed Plaintiff how to advance the cancellation of appeal 19-00042.  Specifically, Plaintiff was required to file a separate appeal on the cancellation.  Where an appeal is cancelled due to a procedural error on the part of the inmate, administrative remedies remain available to the inmate—namely appealing the cancellation decision.  *See Cortinas v. Portillo*, 754 F. App'x 525, 527 (9th Cir. 2018) ("Because [plaintiff] could have appealed his cancellation decision . . . the improper cancellation of his appeal did not render administrative remedies effectively unavailable to him."); *Davenport v. Gomez*, No. 2:16-CV-1739, 2019 WL 636844, at *15 (E.D. Cal. Feb. 14, 2019) (noting that the appeals process is available where the plaintiff can raise the cancellation appeal to the next level).  Plaintiff's failure to follow these instructions and CDCR regulations does not render the administrative remedies unavailable.

Defendants have met their burden to show that Plaintiff failed to exhaust his remedies regarding the December 13 2018, deprivation of food claim against Defendants Urbano and Podakoff and December 14, 2018, deprivation of food claim against Defendants Rayna and Podsakoff before filing this action.  Because the facts regarding exhaustion are undisputed and these Defendants are entitled to judgment as a matter of law under the PLRA as to these claims,

partial summary judgment in Defendants' favor is appropriate. Plaintiff's claims regarding the December 3, 2918, deprivation of food against Defendants Rayna and Carraza and December 4, 2018, deprivation of food against Defendant Rayna were exhausted and remain pending.

For the foregoing reasons, it is **RECOMMENDED:**

1. The Court GRANT Defendants' motion for partial summary judgment based on Plaintiff's non-exhaustion of administrative remedies as to the December 13, 2018, denial of food claim against Defendants Urbano and Podakoff; and December 14, 2021, denial of food claim against Defendants Rayna and Podsakoff. (Doc. No. 31);

2. Direct the Clerk of Court to enter judgment in favor of Defendants Urbano and Podsakoff, and in favor of Defendant Rayna only as to Plaintiff's claim of deprivation of food on December 14, 2018.

It is further **ORDERED**:

The Clerk of Court shall randomly assign a district judge to this action for the purpose of considering these findings and recommendations.

**NOTICE TO PARTIES**

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). **Within fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   March 24, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE