IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERLINDO RODRIGUEZ, JR.,<br><br>            Plaintiff,<br><br>   v.<br><br>L. RAYNA, et al.,<br><br>            Defendants. | 1:19-cv-01788-CDB (PC)<br><br>**ORDER GRANTING DEFENDANTS CARRANZA-RICO AND REYNA'S MOTION FOR SUMMARY JUDGMENT**<br><br>(Doc. 51) |

Plaintiff Erlindo Rodriguez, Jr. is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds against Defendants J. Carranza-Rico and L. Reyna for a December 3, 2018, denial of food claim and against Defendant Reyna for a separate December 4, 2018 denial of food claim in violation of the Eighth Amendment

**I.    RELEVANT PROCEDURAL BACKGROUND**[1]

On April 25, 2022, the previously assigned magistrate judge issued an Order Granting Defendants' Exhaustion-Based Motion for Partial Summary Judgment. (Doc. 48.) Specifically, the Court held that Plaintiff failed to exhaust his administrative remedies regarding a December 13, 2018 deprivation of food claim against Defendants Urbano and Podsakoff and a December

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge and this action has been assigned to Magistrate Judge Christopher D. Baker for all purposes pursuant to 28 U.S.C. 636(c)(1). (Docs. 20, 47, 56)

1

14, 2018 deprivation of food claim against Defendants Reyna and Podsakoff. (*Id*. at 8-10.) The Clerk of the Court was directed to enter judgment in favor of Defendants Urbano and Podsakoff, and in favor of Defendant Reyna only as to Plaintiff's December 14, 2018 deprivation of food claim. (*Id*. at 10.)

On August 8, 2022, Defendants Carranza-Rico and Reyna filed a Motion for Summary Judgment. (Doc. 51.) On August 26, 2022, Plaintiff filed a single page document titled "Plaintiff declaration." (Doc. 52.)

On September 2, 2022, the Court issued its Second Informational Order—Notice and Warning of Requirements for Opposing Defendants' Summary Judgment Motion. (Doc. 53.)

On September 23, 2022, Plaintiff filed a single page document titled "Opposing Defendants' Summary Judgment Motion." (Doc. 54.)

On October 3, 2022, Defendants filed a reply to Plaintiff's opposition. (Doc. 55.)

On October 6, 2022, the Court issued an Order of Reassignment, reassigning this action to the undersigned for all further proceedings. (Doc. 56.)

## II.     RELEVANT ALLEGATIONS OF THE OPERATIVE COMPLAINT

Plaintiff is currently housed at California State Prison, Sacramento in Represa, California. The events giving rise to the remaining viable claims presented in the first amended complaint occurred when Plaintiff was incarcerated at California State Prison, Corcoran. Defendants Carranza-Rico and Reyna are correctional officers at California State Prison, Corcoran.

On November 30, 2018, around dinnertime, Plaintiff offended Defendant Reyna by sliding his plate through the bottom of his cell door after he finished eating.  Defendant Reyna swore that he would not feed Plaintiff. (Doc. 11 at 3) Plaintiff contends Defendants Carranza-Rico and Reyna deprived him of food on December 3, 2018, and that Defendant Reyna deprived him of food on December 4, 2018. (*Id*.).

Plaintiff alleges Defendants refused to feed him, refused to accept responsibility, and failed to follow proper procedures, thereby causing Plaintiff to fall ill. Because of this treatment, Plaintiff felt "homicidal" and on the "verge of violence." (Doc. 11 at 3-4.) Plaintiff received a rule violation report for "behavior that could lead to violence." (*Id.*). Plaintiff contends he

suffered injury to his "personal dignity, . . . physical discomfort, and emotional trauma, resulting [in] nervousness, grief, anxiety, worry, mortification, and [weakened] condition." (*Id.* at 4). Plaintiff asserts that Defendants acted oppressively and maliciously and subjected Plaintiff to cruel and unusual punishment. (*Id.*)

### III. LEGAL STANDARDS

#### A. Summary Judgment

Summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party "initially bears the burden of proving the absence of a genuine issue of material fact." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials," or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B). When the non-moving party bears the burden of proof at trial, "the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex*, 477 U.S. at 325); *see also* Fed. R. Civ. P. 56(c)(1)(B).

If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. *See* Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, *i.e.*, a fact "that might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The opposing party must also demonstrate that the dispute is

genuine, *i.e.*, "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

Summary judgment should be entered against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *See Celotex*, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* at 322-23. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment … is satisfied." *Id.* at 323.

In judging the evidence at the summary judgment stage, the court may not make credibility determinations or weigh conflicting evidence. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks & citation omitted). It must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment. *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks & citation omitted). The court determines only whether there is a genuine issue for trial. *Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010) (quotation marks & citations omitted).

**B. Conditions of Confinement – Food Deprivation**

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "[P]rison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of … inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations & internal quotation marks omitted).

"In order to establish … [an Eighth Amendment] violation, [p]laintiffs must satisfy both the objective and subjective components of a two-part test." *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted). First, plaintiffs must show that their alleged deprivation is "sufficiently serious." *Farmer*, 511 U.S. at 834 (citation & internal quotation marks omitted). To

be sufficiently serious, the "prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). Second, plaintiffs must show that the prison official was deliberately indifferent to their health or safety. *Id.*

**IV.   THE PARTIES' FACTS**

Defendants' Statement of Undisputed Facts (Doc. 51-3) is as follows:

1. Plaintiff Erlindo Rodriguez, Jr. is a prison[er] with the California Department of Corrections and Rehabilitation (CDCR) and [was] housed at Corcoran State Prison (Corcoran) at all times relevant to this action. (Doc. 11, pp. 1-3.)
2. In November of 2018, Rodriguez was transferred to the Administrative Segregation Unit because he had purportedly been found with a deadly weapon in his cell, a violation of California Code of Regulations, Title 15, Section 3006(a). (Declaration of L. Reyna, ¶ 7; Cal. Code Regs., tit. 15, § 3006(a).)
3. Administrative segregation is reserved for inmates who pose an immediate threat to their own safety, the safety of others, or who endanger institutional security or jeopardize an investigation into serious misconduct. (Reyna Decl., ¶ 4.)
4. Accordingly, there are heightened security and safety procedures that all staff and inmates must follow, including that inmates are not entitled to leave their cell except for specific reasons and for directed exercise. (Reyna Decl., ¶¶ 4-5.)
5. Accordingly, while inmates in administrative segregation are provided food just as they are in general population—breakfast, lunch, and dinner—their food must be delivered directly to their cell by correctional officers, and served through a food port in the front of the cell. (Reyna Decl., ¶ 5.)
6. Officers face significant risk every time they deliver food to an inmate's cell, however, and have been attacked in the past, whether inmates throw excrement or other bodily fluids at them or an inmate grabs their utility belt through the food port. (Reyna Decl., ¶ 6.)

7. As a matter of policy, then, and to protect the officers and inmates, inmates in administrative segregation must comply with policies specific to the administrative segregation unit. Specifically, every time their food is delivered to them while they are in administrative segregation, inmates must always ensure [] that their cell light is uncovered, and they remain in the rear of their cell, and show both of their hands to the officers before the food is delivered to them. (Reyna Decl., ¶ 6.)

8. Correctional Officers Reyna and Carranza-Rico were working in the Administrative Segregation Unit at Corcoran on December 3, 2018, and it was thus their responsibility to provide the inmates with dinner during their shift. (Reyna Decl., ¶ 4.)

9. Officer Reyna approached Rodriguez's cell on December 3, 2018 to deliver his dinner, and saw that Rodriguez's cell light was off, and was covered, in violation of the Unit's policies and safety procedures. (Reyna Decl., ¶ 8.)

10. Officer Reyna remembers ordering Rodriguez to turn on his light and uncover it, but remembers Rodriguez only turning it on, without uncovering it. With the light covered, Officer [Reyna] remembers that he could not see Rodriguez or his hands. He remembers ordering Rodriguez to uncover the light, but remembers Rodriguez yelling No! (Reyna Decl., ¶ 8.) [Fn. Omitted.]

11. Given his experience as an officer, and under the circumstances, Officer Reyna did not feel safe delivering food to Rodriguez that evening. He remembers informing Rodriquez that his refusal to comply with safety regulations constituted a refusal of his meal, and then he recorded Rodriguez's refusal in his Administrative Segregation Profile. (Reyna Decl., ¶ 8.)

12. Rodriguez claims that Officer Reyna denied him another dinner on December 4, 2018, but Officer [Reyna] has no recollection of any such thing, and there is no documented history of such an incident. (Reyna Decl., ¶ 9.)

13. Rodriguez's claims that Officers Reyna and [Carranza]-Rico denied him dinner on December 3 & 4, 2018 are the only remaining claims in this lawsuit. (ECF Nos. 11 & 48.)

14. Rodriguez received breakfast and lunch on December 3 & 4, 2018, irrespective of whether he was provided dinner. (Reyna Decl., ¶¶ 5 & 9, Ex. A.)

### *Evidentiary Matters*

Despite receiving notice from this Court concerning the requirements for opposing a motion for summary judgment (*see* Doc. 53), Plaintiff has failed to comply with Local Rule 260(b) in opposing Defendant's motion for summary judgment.

This Court's Local Rule 260(b) provides, in pertinent part:

> **Opposition**. Any party opposing a motion for summary judgment or summary adjudication shall reproduce the itemized facts in the Statement of Undisputed Facts and admit those facts that are undisputed and deny those that are disputed, including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission, or other document relied upon in support of that denial. The opposing party may also file a concise "Statement of Disputed Facts," and the source thereof in the record, of all additional material facts as to which there is a genuine issue precluding summary judgment or adjudication. The opposing party shall be responsible for the filing of all evidentiary documents cited in the opposing papers. See L.R. 133(j).

(*See also* Doc. 53 at 1-3 [*Rand* Notice].)

Here, Plaintiff did not reproduce Defendants' itemized facts, nor did Plaintiff admit or deny those facts. (*See* Doc. 54.) Because Plaintiff has not complied with Rule 260(b), the Court deems Plaintiff to have admitted those facts not disputed by his complaint or other submissions. *See, e.g.*, *Beard v. Banks*, 548 U.S. 521, 527 (2006) ("by failing specifically to challenge the facts identified in the defendant's statement of undisputed facts, [plaintiff] is deemed to have admitted the validity of the facts contained in the [defendant's] statement."); *Brito v. Barr*, No. 2:18-cv-00097-KJM-DB, 2020 WL 4003824, at *6 (E.D. Cal. July 15, 2020) (deeming defendant's undisputed facts as admitted after plaintiff failed to comply with Local Rule 260(b)); *see also Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

### V.   DISCUSSION

#### A.  Defendants' Argument

Defendants contend Plaintiff cannot establish that the deprivation of two dinnertime meals violated his constitutional rights as a matter of law. (Doc. 51-1 at 5.) Specifically, Defendants allege that Reyna recalls Plaintiff effectively refused his meal when he refused to comply with the

7

1 Administrative Segregation Unit's safety procedure. (*Id*. at 6.) Defendants argue Reyna was
2 justified in failing to deliver the food tray "on that limited and discrete occasion" because he did
3 not feel it was safe to do so. (*Id*.) They contend neither Reyna nor Carranza-Rico can be held
4 liable for taking limited and reasonable precautions to protect themselves. (*Id*.) Further,
5 Defendants contend that even if Plaintiff claims he followed safety procedures, Plaintiff cannot
6 establish a constitutional deprivation. (*Id*.) This is so, they argue, because the Eighth Amendment
7 requires only that prisoners receive food adequate to maintain health. (*Id*.) Rodriguez's claims
8 that Defendants denied him a dinnertime meal on two occasions, when he was otherwise provided
9 breakfast and lunch on those occasions, are insufficient. (*Id*. at 6-7.) As a result, Defendants
10 contend they are entitled to summary judgment. (*Id*. at 7.)

11 Next, Defendants contend Plaintiff cannot establish that the deprivation of two dinnertime
12 meals violated clearly established law and that they are entitled to qualified immunity. (Doc. 51-1
13 at 7.) More particularly, Defendants contend no reasonable official would have thought it
14 unlawful to refuse to provide Plaintiff one meal, or at a maximum, two meals, because they
15 reasonably believed Plaintiff posed a threat for failing to comply with safety procedures. (*Id*.)
16 Defendants argue, therefore, that as an additional and separate basis for summary judgment, they
17 are entitled to qualified immunity. (*Id*. at 7-8.)

### B. Plaintiff's Opposition

Plaintiff's single-page opposition provides in its entirety:

> Plaintiff oppose; Faild to comply with simple and reasonable safety precautions (coverd light).
>
> Plaintiff oppose; Rayna approached cell ordering Rodriguez again to uncover the light but Rodriguez yelled, No! on December 3, 2018.
>
> Plaintiff declaration; L. Rayna got offended when I slid out my plate thorugh the bottom of my cell door. L. Rayna swear to me, not to feed me next time.
>
> Defendants acted with opperssion and malice despicable conduct that caused plaintiff to suffer physical and emotional discomfort.

(Doc. 54.) The Court also considers the declaration Plaintiff filed on August 26, 2022:

> Defendants are trying to justify there actions by saying I refused my meals when I refused to comply with the Administrative Segregation Unit's safety procedure

> "(Coved light)." [¶] The deprivation of my meals was because I put the tray under the cell door. And such claims do violate the constitution.

(Doc. 52.)

### C. Analysis

Initially, the Court notes its skepticism, given the remaining viable claims allege only a deprivation of two dinnertime meals, that Plaintiff has even asserted an Eighth Amendment conditions of confinement claim.

Adequate food is a basic human need protected by the Eighth Amendment. *See Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998). The Ninth Circuit has held that "food occasionally contain[ing] foreign objects or sometimes [being] served cold, while unpleasant, does not amount to a constitutional deprivation." *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993) (citation & internal quotation marks omitted). It has also held that missing one meal does not rise to the level of an Eighth Amendment violation. *See Foster v. Runnels*, 554 F.3d 807, 812 n.1 (9th Cir. 2009) (denial of two meals over the span of two months did "not appear to rise to the level of a constitutional violation"); *see also Rodriguez v. Briley*, 403 F.3d 952, 952-53 (7th Cir. 2005) (Eighth Amendment claim rejected where inmate denied 300-350 meals over 18 months because he refused to comply with a rule requiring him to store his belongings in a storage box before leaving his cell); *Dearman v. Woodson*, 429 F.2d 1288, 1289 (10th Cir. 1970) (compared to prisoner deprived of food for 50+ hours); *Cooper v. Sheriff of Lubbock Co.*, 929 F.2d 1078, 1082-83 (5th Cir. 1991) (compared to prisoner provided no food for twelve days); *Reed v. McBride*, 178 F.3d 849, 853 (7th Cir. 1999) (infirm plaintiff did not receive food for 3-4 days at a time; whether the withholding of food violates the Constitution depends on the amount and duration of the deprivation); *Barnes v. Medva*, 2022 WL 4370797, at *10 (W.D. Penn. Aug. 2, 2022) ("Plaintiff's allegations that he was denied four meals – two breakfasts and two lunches – over a period of two days does not rise to the level of a substantial deprivation of food to set forth a viable Eighth Amendment claim" [citing to *Zanders v. Ferko*, 439 F. App'x 158 (3d Cir. 2011) (alleged deprivation of three meals over two days fails to rise to the level of a constitutional violation even where prisoner was diabetic), *Cunningham v. Jones*, 667 F.2d 565,

566 (6th Cir. 1982) (per curiam) (one meal a day for fifteen days did not violate the Eighth Amendment where the caloric content of the meal sustained normal health), and *Davis v. Miron*, 502 F. App'x 569, 570 (6th Cir. 2012) (denial of seven meals over six days was not an Eighth Amendment violation)]) .

Notably, "[s]ome conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise – for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991); *see also Darting v. Farwell*, 139 Fed. Appx. 847 (9th Cir. 2005) (unpublished) (deprivation of a single meal did not constitute serious injury); *White v. Gregory*, 1 F.3d 267, 269 (4th Cir. 1993) (the deprivation of one meal a day on weekends did not rise to the level of serious injury).

Here, even drawing all inferences in Plaintiff's favor, this Court does not find the denial of a dinner serving over the course of two successive evenings combine to produce a deprivation of food amounting to a constitutional violation. *Farmer*, 511 U.S. at 834.

In any event, Defendants have met their initial burden on summary judgment of informing the Court of the basis for the motion and identifying admissible evidence to demonstrate the absence of a genuine issue of material fact. *In re Oracle Corp.*, 627 F.3d at 387; Fed. R. Civ. P. 56(c)(1)(A), (B); *see also* Doc. 51-2 (Declaration of L. Reyna).

Defendants' undisputed material facts establish that inmates housed in the Administrative Segregation Unit pose an immediate threat to their safety and the safety of others and, therefore, heightened security and safety procedures apply that Administrative Segregation Unit staff and inmates must adhere to. (Doc. 51-3, ¶¶ 3-4.) As those rules pertain to food delivery, all three meals are delivered to an inmate's cell by correctional officers through a food port in the cell door. (*Id.* at ¶ 5.) To protect both the officers and the inmates, when food is delivered, an inmate "must always ensure that their cell light is uncovered, and they remain to the rear of their cell, and show both of their hands to the officers" before any food is delivered. (*Id*. at ¶ 7.) On December 3, 2018, as Defendant Reyna approached Plaintiff's cell, he noted Plaintiff's light was both off

and uncovered, in violation of the Administrative Segregation Unit's policies and safety procedures. (*Id*. at ¶ 9.) Plaintiff ignored Reyna's directive to uncover this light and yelled "No!" in response to Reyna's request. (*Id*. at ¶ 10.) Reyna could not see Plaintiff's hands. (*Id*.) Reyna did not feel safe delivering Plaintiff's meal under the circumstances. (*Id*. at ¶ 11.) Reyna advised Plaintiff that by refusing to comply with the safety regulations, Plaintiff's noncompliance amounted to a refusal of his meal. (*Id*.) Reyna recorded Plaintiff's refusal in his Administrative Segregation Profile. (*Id*.) Further, Reyna has no recollection of denying Plaintiff dinner on December 4, 2018, and no such denial and/or refusal is documented. (*Id*. at ¶ 12.)

Because Defendants have met their initial burden, the burden then shifts to Plaintiff. *Matsushita*, 475 U.S. at 586-87. Neither Plaintiff's opposition nor his sworn declaration serve to meet his burden on summary judgment. Significantly, Plaintiff has failed to expressly deny any of Plaintiff's undisputed material facts. However, even assuming Plaintiff's opposition and declaration serve as denials of Defendants' factual assertion that Plaintiff refused to uncover his light, has failed to "show more than the mere scintilla of evidence" required to establish a genuine issue of material facts exists. *Oracle Corp.*, 627 F.3d at 387 (citing *Celotex Corp*., 477 U.S. at 252). Plaintiff offers no evidence at all to support his position. Plaintiff simply reasserts the allegations made in his first amended complaint. And Plaintiff's first amended complaint and responsive pleadings are devoid of evidentiary support. *Celotex Corp.*, 477 U.S. at 322-23; Fed. R. Civ. P. 56(c).

Here, Defendants' undisputed evidence shows that the safety procedures employed in the Administrative Segregation Unit require that in order to receive a meal, the inmate must ensure the cell light is operating and is uncovered, and that he remains standing at the back of his cell with his hands in plain view. Plaintiff seems to take issue with the specific requirement concerning a covering on the light. (*See* Docs. 52 & 54.) But Plaintiff offers no evidence to support his position that either the December 3 or December 4, 2018, meals should have been provided even if the light in his cell was covered. Notably too, Plaintiff fails to respond to Reyna's assertion that he could not see Plaintiff's hands. Plaintiff's conclusory allegations that Defendants denied him two dinnertime meals without justification will not do. *See Leer v.*

11

1  *Murphy*, 844 F.2d 628, 633 (9th Cir.1988) (conclusory allegations not sufficient to defeat motion
2  for summary judgment). Plaintiff must produce some "significant probative evidence tending to
3  support the [claims]." *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (internal citation &
4  quotation marks omitted). He has not done so.

5  When the non-moving party—here, Plaintiff—bears the burden of proof at trial, the
6  moving party—Defendants—need only prove there is an absence of evidence to support
7  Plaintiff's case. *Oracle Corp.*, 627 F.3d at 387. Defendants have made this showing. Thus, the
8  undersigned finds that Plaintiff has failed to establish specific facts which show that there is a
9  genuine issue for trial and, therefore, Defendants are entitled to summary judgment.

### D. Qualified Immunity

Defendants alternatively argue they are entitled to qualified immunity. (Doc. 51-1 at 7-8.) Nevertheless, because the undersigned has determined summary judgment should be granted in favor of Defendants Carranza-Rico and Reyna, an analysis of whether Defendants are entitled to qualified immunity is unnecessary.

### VI. CONCLUSION AND ORDER

Accordingly, for the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Defendants' motion for summary judgment filed August 8, 2022 (Doc. 51) is **GRANTED**;

2. Plaintiff's Eighth Amendment claims concerning food deprivation on December 3 and 4, 2018, are **DISMISSED**; and

3. The Clerk of the Court shall enter judgment against Plaintiff and in favor of Defendants J. Carranza-Rico and L. Reyna and close this case.

IT IS SO ORDERED.

Dated:   **February 10, 2023**

UNITED STATES MAGISTRATE JUDGE